## SETTLEMENT AGREEMENT AS TO FLSA CLAIMS

This SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS (the "Agreement") is entered into between RICHARD DEXHEIMER ("Plaintiff") and ENJOY THE CITY NORTH, a/k/a SAVEAROUND, LUKE STANTON, Individually, and RAYMOND STANTON, Individually, on behalf of their current and former successors, subrogees, assigns, principals agents, attorneys, partners, heirs, employees, officers, parents, subsidiaries, affiliates, joint venturers, co-employers, shareholders, and directors entities in both their individual and and representative capacities (collectively "Defendant or Company"), (Plaintiff and Defendant collectively, "the Parties").

WHEREAS, the Plaintiff has alleged that Defendant engaged in unlawful practices under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., (the "Allegations") and filed a civil lawsuit in the U.S. District Court, Middle District of Florida, Orlando Division, captioned *Dexheimer v. Enjoy The City North, Inc. d/b/a Savearound, Luke Stanton, Individually, Raymond Stanton, Individually*, Case No. 6:18-cv-01980-ACC-TBS.

WHEREAS, the Defendant denies all of the Allegations made; and

WHEREAS, the Parties hereto have agreed to resolve any and all claims the Plaintiff has against Defendants, including, but not limited to, the Allegations;

NOW, THEREFORE, in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1. **Releases:** In exchange for and in consideration of the payment, as set forth in Paragraph 2 below, Plaintiff, for himself, his attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases ("Releases") the Defendants, their subsidiaries, parents, related and affiliated entities and companies, their boards of directors, shareholders, officers, employees, agents, insurers administrators, trustees, attorneys, representatives, joint venturers, co-employers, and their respective successors and assigns (the "Released Parties"), from any and all grievances, suits, liabilities, commitments, obligations, fees, costs, expenses, demands, damages, causes of actions, proceedings and claims, of any nature whatsoever, known or unknown, fixed or contingent, in law or equity, including, without limitation, those arising under the Fair Labor Standards Act, Regulations, Rules, Codes or Orders of the United States of America, any other countries, State of Florida, any other states, or any local county or city ordinance, including those that the Plaintiff now has or may have against the Released Parties whether it be known or unknown, upon or by reasons of any act, omission, matter, cause or thing, from the beginning of time up to and including the date of execution of this Agreement by the last signing party. As part of this Agreement and a result of the payments made to Plaintiff by Defendants, upon receipt of the proceeds referenced herein, Plaintiff acknowledges and agrees that he has been paid all wages (including overtime compensation) and other compensation due to him from Defendant for any reason, that he has, and will continue to, accurately record and submit all hours worked, and that the compensation reflected herein fully



compensates him for any unpaid wages, compensation, and/or overtime he would have been entitled to for his full limitations period.

2. **Monies Paid**: In exchange for and in consideration of the releases and promises of the Plaintiff in this Agreement, Defendants agree to pay the total sum of ONE HUNDRED TWELVE THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($112,500.00) (the "Payment"), which includes (1) TWELVE THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($12,500.00) to Plaintiff for attorney's fees, and (2) ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000.00) for wages and damages. The Payment will be tendered as follows and mailed to Plaintiff's counsel within thirty (30) days of final Court approval of this settlement, Medicare final confirmation of no active lien, and a W9 for the Plaintiff and W9 for Plaintiff's attorney provided to Defendant.

    a. **Settlement Checks**

    a. $15,000.00, made payable solely to Richard Dexheimer, as and for unpaid overtime allegedly due him, which amount shall be subject to deductions and withholding and for which an IRS Form W-2 shall issue to "Richard Dexheimer."

    b. $15,000.00, made payable to Wilson McCoy, P.A. Trust Account, as and for an equal amount as liquidated damages allegedly due to Richard Dexheimer, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to "Richard Dexheimer".

    c. $70,000.00, made payable to Wilson McCoy, P.A. Trust Account for any and all causes of action for alleged retaliation under the Fair Labor Standards Act, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue.

    d. $12,500.00, made payable solely to Wilson McCoy, P.A, as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Wilson McCoy, P.A. The Parties acknowledge and agree that the attorney's fees payable by the Defendants to Wilson McCoy, P.A. were negotiated separately and apart from Plaintiff's FLSA claims. Plaintiff specifically is aware of, and agrees with, the amount of fees to be paid to his attorneys for representing his interests in this matter, and that these fees are reasonable.

3. **Tax Indemnification**: For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that the Payment for non-wage, compensatory, liquidated damages and/or attorneys' fees and costs are not to be considered wages, and the Parties will consistently report and treat these amounts as non-wage damages and expenses. Therefore, Plaintiff will provide Defendants with the appropriate IRS Form W-9 at the time of execution of this Agreement, and Defendants will provide Plaintiff with the appropriate IRS Forms 1099 to be issued for any non-wage damages and payments. Plaintiff understands that he is responsible for any tax liabilities incurred by receipt of the above settlement amounts. In the event that the IRS subsequently determines that any of the settlement amount constitutes

taxable income, Plaintiff agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the Payment and further agrees to hold harmless and defend the Released Parties from any claimed tax liabilities arising out of the Payment.

4. **Dismissal of Civil Lawsuit:** Plaintiff agrees that upon the execution of this Agreement, his attorney shall prepare, execute, and file all documents, in form and substance satisfactory to Defendants, proper or necessary to withdraw and otherwise terminate his FLSA claims, in full, with prejudice, to the necessary governmental entities and/or courts.

5. **No Admissions of Liability:** The Parties hereto agree that the Payment made to the Plaintiff provides him the full and complete relief of his FLSA and retaliation claim, and Plaintiff acknowledges that he is not owed any additional compensation, for any reason, from Defendants for hours worked at the Company. This Agreement is not, however, in any way an admission by Released Parties of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing the Allegations. Rather, Defendants deny having committed any violation of law.

The Parties agree and acknowledge that this Agreement shall not be interpreted to render either Party to be a prevailing party for any purpose, including but not limited to, an award of attorneys' fees under any law. The Parties further agree that, except as provided herein, the Parties are solely responsible for their respective costs and fees incurred as a result of the Allegations.

6. **Warranty of No Assignment:** The Plaintiff warrants that he has not assigned, sold, subrogated, transferred to, or conveyed to anyone any actions, causes of action, claims or demands that the Plaintiff now has or ever had against the released Parties, and Plaintiff further agrees to defend the Released Parties entirely at Plaintiff's own expense and to fully indemnify and forever hold harmless the Released Parties for any and all actions, causes of action, claims or demands that may be brought against them by anyone to whom Plaintiff has assigned, sold, subrogated, transferred to, or conveyed any such action, causes of action, claims or demands.

7. **Choice of Law:** The Parties hereto agree that the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida.

8. **Merger and Severability Clause:** This Agreement, which is six (6) pages long, is effective upon execution, reflects the entire Agreement between the Parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises. This Agreement may not be amended except by written agreement signed by all affected Parties. The Parties agree that if any of the terms of this Agreement are, or become null, void, unenforceable or inoperative for any reason, such provisions are, and shall be severable and the remaining provisions of this Agreement are retained in full force and effect.

9. **Counterparts**: This Agreement will be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. Signatures by facsimile will be deemed as an original signature.

The Parties acknowledge and agree that the terms of any existing agreements between the Parties shall remain in full force and effect.

**Medicare Information**

The parties intend to comply with the Medicare Secondary Payer statute (42 U.S.C. §1395y) and to protect Medicare's interests, if any, in this settlement. Plaintiff/ "Releasor" understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Releasor, Richard Dexheimer has been identified as a Medicare beneficiary. Releasor agrees that an inquiry has been made with all interested Medicare plans to determine the amount of any claim related Medicare conditional payments that have been made by Medicare, if any, and the amount requiring repayment for all Medicare liens.

Releasor agrees and understand that all settlement funds will be withheld and not distributed by Defendants/ Releasees, to Releasor or Releasor's counsel until all Medicare liens are identified and paid, or a letter confirming that there is no Medicare lien has been issued from each interested Medicare plan. Releasors specifically agree that the amount required to pay all claim related Medicare liens will be deducted from the settlement proceeds and that Releasees will make a direct repayment from the Releasors settlement proceeds to all interested Medicare plans to reimburse Medicare for all asserted lien amounts that require repayment.

Releasors further agree that Releasor will not request a disbursement of any settlement proceeds from Releasees, or file any motions requesting the payment of Releasors settlement proceeds until all Medicare liens have been identified and paid. Releasors and Releasors' counsel also agree to waive any claim against Releasees for failure to distribute settlement funds in the time frame required by state or federal law and agree that the distribution of the settlement funds will only occur after Releasees receive the final lien amount/Final Demand Letter.

Releasors acknowledge and agree that any future medical costs for alleged injury will not be submitted for payment to Medicare in contravention of the Medicare Secondary Payer statute. In the event that any future medical bills relating to care or treatment of injuries or conditions sustained by Releasor as a result of the Incident are submitted to Medicare, Releasor understands and agrees that Releasees shall not be responsible for any liens asserted by Medicare, or

Medicare's recovery agent relating to any injuries sustained in the Incident by Releasor.

In addition to the Release and Discharge set forth above, in consideration of the payments set forth in this Agreement, Releasor[s] hereby waive[s] Releasor['s'] 42 US Code §1395y (b)(3)(A) cause of action and/or Private Cause of Action, and releases and forever discharges Releasees from any obligations, from any claim, known or unknown, arising out of the failure of Releasees to provide for a primary payment or appropriate reimbursement pursuant to 42 US Code §1395y (b)(3)A).
Releasor[s] agree[s] to indemnify, defend and hold the Releasees harmless for any claim, loss or payment Releasees may suffer, including judgments, verdicts, awards, penalties, attorney's fees and costs, that arises out of the failure to pay any unpaid medical bills or future medical expenses, or to otherwise fail to protect Medicare's interests under the MSP Act.. Releasor[s] agree[s] and by this Agreement waive[s] any claims for damages, indemnification and/or contribution from any causes of action of any kind or nature, including but not limited to a private cause of action provided in the Medicare Secondary Payer (MSP) Act, 42 U.S.C. Section 1395y(b)(3)(A), in connection with or arising as a result of the medical care and treatment rendered to Releasor[s] regarding the injury[ies] alleged in the Claim.

**THE PLAINTIFF AFFIRMS THAT HE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS AGREEMENT AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.**

Date: 3/19/2020

Richard Dexheimer, individually

ENJOY THE CITY NORTH, INC.

Date: 3/27/2020

By:
Its: Duly Authorized Representative

Date: 3/24/2020

Luke Stanton, individually

Date: 3/24/2020

Raymond Stanton, individually

Page 5 of 5