UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD DEXHEIMER,**

      **Plaintiff,**

v.                                                Case No:   6:18-cv-1980-Orl-76EJK

**ENJOY THE CITY NORTH, INC. d/b/a
SAVEAROUND, LUKE STANTON,
RAYMOND H. STANTON,**

      **Defendants.**
_____/

**ORDER**

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement (the "Motion"), filed April 2, 2020. (Doc. 46.) Upon consideration, the Motion is due to be denied without prejudice.

**I.    BACKGROUND**

On November 16, 2018, Plaintiff, Richard Dexheimer, instituted a collective action against Defendant, Enjoy the City North, Inc. d/b/a Save Around, alleging violations of the overtime wage compensation and retaliation provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219 (2018). (Doc. 1, ¶¶ 162–90.) Plaintiff filed an Amended Complaint on September 5, 2019, adding Luke Stanton and Raymond H. Stanton as defendants.[1] (Doc. 33.) In the Amended Complaint, Dexheimer alleged that the Stantons also violated the FLSA's overtime

---

[1] Luke Stanton is the Chief Executive Officer of Save Around, while Raymond Stanton is a partner of Save Around. (Doc. 33, ¶¶ 10–11.) Dexheimer alleges that the Stantons oversaw the day to day operations of Save Around and supervised Dexheimer. (*Id.* ¶¶ 12–13.)

wage compensation and retaliation provisions and indicated that he was no longer pursuing a collective action. (*Id.* ¶¶ 173–94.)

In the Amended Complaint, Plaintiff alleged that he has been employed at Save Around since February 1, 2011, as a salaried, exempt Senior Business Leader. (*Id.* ¶¶ 23–24.) Plaintiff claimed he was improperly classified and, therefore, was not paid the overtime compensation allegedly due to him. (*Id.* ¶¶ 103, 140.) As a Senior Business Leader, Dexheimer alleged that he routinely worked 55 hours a week and occasionally 60 hours a week when he had to travel for work. (*Id.* ¶¶ 44, 46.) Dexheimer also claimed that he emailed Defendants about his misclassification on July 24, 2018. (*Id.* ¶¶ 150–154, ¶ 162.) In response to the email, Defendants retaliated against Dexheimer by changing the commission structure in a way that adversely affected him. (*Id.*)

Defendants filed an Answer, disputing Plaintiff's allegations. (Doc. 36.) Ultimately, the parties negotiated a compromise and settlement of Plaintiff's claims and requested leave for an *in camera* approval of the settlement agreement. (Doc. 44.) The Court rejected that request and directed the parties to file a renewed motion with the settlement agreement on the public docket. (Doc. 45.) The parties timely filed the Motion with the settlement agreement (the "Agreement") on the public docket, which the Court reviews for fairness. (Doc. 46-1.)

## II.     LEGAL STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any

employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere

> waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[2]

### III.   DISCUSSION

#### a.   Release

In return for payment, Plaintiff has agreed to release Defendants from

> any and all grievances, suits, liabilities, commitments, obligations, fees, costs, expenses, demands, damages, causes of actions, proceedings and claims of any nature whatsoever, known or unknown, fixed or contingent, in law or equity, *including without limitation*, those arising under the Fair Labor Standards Act, Regulations, Rules, Codes or Orders of the United States of America, any other countries, State of Florida, and any other states,

---

[2]   *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

> or any local county or city ordinance, including those that the Plaintiff now has or may have against the [Defendants] whether it be known or unknown . . . .

(the "Release) (Doc. 46-1, ¶ 1.) (italics added)

"[A] general release of unknown claims in the context of an FLSA settlement, absent specific justification, is not consistent with a fair and reasonable resolution." *Id.* (citing *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427, Doc. 34 at 9 (M.D. Fla. Mar. 14, 2012)). Courts in this District have previously held that a plaintiff may release "wage-and-hour or related claims that arise out of the facts alleged in the instant action," but that such a release is ineffective as to any wage-and-hour or related claim that a plaintiff may have arising out of *unrelated* facts or circumstances. *Coleman v. Target Corp.*, No. 6:12-cv-1315-37GJK, Doc. 23 at 2 (M.D. Fla. Mar. 6, 2013).

In the Agreement, the Release is not limited to claims arising solely under the FLSA. The language "including without limitation" indicates that the Release contemplates claims unrelated to claims for unpaid wage and hour or related claims arising out of the same facts or circumstances related to those in the instant action. This is the sort of pervasive, overly broad release that runs afoul of the FLSA because it attempts to release claims unrelated to those presented by Plaintiff's Complaint without justification or additional compensation. Without further briefing from the parties as to why such a broad Release is appropriate here, the undersigned cannot recommend approval of the Agreement.

### b. Amendment Provision

The Agreement contains a provision that grants the parties leave to amend the Agreement (the "Amendment Provision"). It provides that "[t]his Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which

makes specific reference to this Agreement." (Doc. 46-1, ¶ 8.) Approval of a settlement agreement with such a provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018). As such, I cannot recommend approval of an agreement that is not in its "final form, with [] opportunity for amendment." *Id.*

### IV.     CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement (Doc. 46) is **DENIED WITHOUT PREJUDICE**. The parties may file a renewed motion, along with their settlement agreement, **on or before April 27, 2020**.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record