**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD DEXHEIMER,**

    **Plaintiff,**

vs.

**ENJOY THE CITY NORTH, INC.**
**d/b/a SAVEAROUND,** a foreign profit
corporation, and **LUKE STANTON,**
individual, **RAYMOND STANTON,**
individual

    **Defendant(s).**
_____/

Case No. 6:18-cv-1980-Orl-22TBS

## SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Richard Dexheimer ("Plaintiff" or "Dexheimer") and Defendants Enjoy The City North, Inc. ("SaveAround"), Luke Stanton ("LStanton"), and Raymond Stanton ("RStanton")(collectively the "Defendants"), submit this Second Joint Motion for Approval of Settlement and, in support, state as follows:

### FACTUAL BACKGROUND

1. On November 16, 2018, Plaintiff filed a Complaint and Demand for Jury Trial ("Complaint") (Doc. 1) against SaveAround alleging violations of the Fair Labor Standards Act ("FLSA") and Retaliation as related to his employment alone. In his lawsuit, Plaintiff sought to recover alleged unpaid wages, liquidated damages where applicable, compensatory damages, and attorneys' fees and costs.

2. On September 5, 2019, Plaintiff filed his First Amended Complaint (Doc. 33) against SaveAround, LStanton, and RStanton, alleging the same facts and claims as that of the Complaint.

3. Since approximately February 1, 2011 Plaintiff has been employed by SaveAround as a salaried, exempt Senior Business Leader. In the Complaint Plaintiff claims he was improperly classified and, therefore, was not paid overtime compensation he alleges was due to him. Also, in the Complaint, Plaintiff claims that he was retaliated against under the FLSA. Defendants vigorously denies all of Plaintiff's allegations.

4. The parties have conducted discovery pursuant to this Court's July 11, 2019 FLSA Scheduling Order (Doc. 27). The parties have conducted several settlement calls throughout the discovery process and exchanged various documents and information regarding their positions in this case. On or about March 26, 2020, the parties reached a settlement in this case. *See* Doc. 43.

5. The Parties filed their Joint Motion for Approval of Settlement Agreement (Dkt. 46) on April 2, 2020.

6. This Court issued an Order denying without prejudice the parties motion and granting leave to refile by April 27, 2020 (Dkt. 47).

7. The Parties have reviewed the Order and advisement of this Court and have renegotiated and re-drafted the settlement agreement to comply with the instructions of this Court.

8. Pursuant to the terms of the parties' settlement agreement, the parties are concurrently filing a Joint Motion for Approval of the Settlement Agreement and attached Settlement Agreement "Exhibit A". In the parties' settlement agreement, Plaintiff agrees to waive and release FLSA claims against Defendants, including the claims he asserted in the Complaint.

In exchange for these and other promises, Defendant agrees to pay to Plaintiff an amount that constitutes relief for Plaintiff's FLSA and Retaliation claims as negotiated for. The parties' settlement agreement is contingent upon this Court's approval of the settlement reached.

9. In this regard, with this Secod Joint Motion, the parties respectfully seek Court approval of their settlement agreement in accordance with its terms.

## MEMORANDUM OF LAW

The FLSA requires employers to pay employees minimum wages and overtime compensation, where applicable, unless an exemption applies. *See* 29 U.S.C. §§ 201, *et seq.* Where an employee files a claim under the FLSA for alleged unpaid wages, there are currently two ways such claim may be settled or compromised: (1) where the payment of alleged unpaid wages is supervised by the Secretary of Labor and the employee then waives his or her right to bring suit for such alleged wages; and (2) where the claimant files a private lawsuit against his or her employer, the parties present the pertinent court with a settlement, and the court enters an order approving the fairness of the settlement. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

An employee may settle and release FLSA claims against his or her employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation actually in dispute, and (3) the court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the

settlement in order to promote the policy of encouraging settlement of litigation"). With respect to Plaintiff's FLSA claim, the parties' settlement provides Plaintiff with the negotiated for relief as to Plaintiff's alleged back wages. Central to this litigation was a dispute about misclassification. Both Plaintiff and Defendant recognize that this dispute could result in exhaustive litigation which may not result in each party's anticipated outcome. As a result, the parties agreed that rather than extend the litigation, the agreed-upon outcome was the proper compromise. Further, the attorneys' fees to be provided to Plaintiff's counsel were negotiated separately and are entirely reasonable and fair under the circumstances. Indeed, as of today, the amount negotiated as attorney's fees is less than the amount expended by Plaintiff's counsel.

## CONCLUSION

The instant case involves a situation in which the Court may allow Plaintiff to settle and release his individualized FLSA claims against Defendants. The parties' settlement agreement arises out of an adversarial context. The parties have been represented by counsel throughout the litigation, agreed to the terms of the settlement after they exchanged numerous documents and engaged in substantial discussion about various facts and positions, and were counseled by their respective attorneys.

WHEREFORE, Plaintiff Richard Dexheimer and Defendant's Enjoy The City North, Inc., Raymond Stanton, and Luke Stanton respectfully request that this Court grant this Second Joint Motion for Approval of Settlement and dismiss this case in its entirety with prejudice.

Respectfully submitted this 27th day of April 2020.

Respectfully submitted,

| | |
|---|---|
| _s/ Paul L. Sutherland_ | s/ Adam C. Herman |
| Nathan A. McCoy, Esq. | ADAM C. HERMAN, ESQ. |

| | |
|---|---|
| Florida Bar No. 0676101<br>Paul L. Sutherland, Esq.<br>Florida Bar No. 1008093<br>WILSON MCCOY, P.A.<br>100 E. Sybelia Ave, Suite 205<br>Maitland, Florida 32751<br>Telephone: (407) 803-5400<br>Facsimile: (407) 803-4617<br>Primary email:<br>nmccoy@wilsonmccoylaw.com &<br>psutherland@wilsonmccoylaw.com<br>Secondary email:<br>pleadings@wilsonmccoylaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | Florida Bar No. 0146961<br>MARSHALL, DENNEHEY, WARNER,<br>COLEMAN & GOGGIN, P.A.<br>Landmark Center One<br>315 E. Robinson Street, Suite 550<br>Orlando, FL 32801<br>Telephone: 407-420-4380<br>Fax: 407-839-3008<br>Primary email: acherman@mdwcg.com<br>Secondary email: dtbroxson@mdwcg.com<br>**ATTORNEY FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed this 27th day of April 2020 by using CM/ECF systems, which will send notice of electronic filing of the foregoing document to the following counsel of record:

>ADAM C. HERMAN, ESQ.
>Florida Bar No. 0146961
>MARSHALL, DENNEHEY, WARNER,
>COLEMAN & GOGGIN, P.A.
>Landmark Center One
>315 E. Robinson Street, Suite 550
>Orlando, FL 32801
>Telephone: 407-420-4380
>Fax: 407-839-3008
>Primary email: acherman@mdwcg.com
>Secondary email: dtbroxson@mdwcg.com

>*/s/Paul L. Sutherland III*
>Attorney